UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**GLEN NICKOLAS AKINS**                         CIVIL ACTION NO. 25-0135

                                                SECTION P
**VS.**
                                                JUDGE TERRY A. DOUGHTY

**PARISH OF MOREHOUSE, ET AL.**                 MAG. JUDGE KAYLA D. MCCLUSKY

### REPORT AND RECOMMENDATION

Plaintiff Glen Nickolas Akins, who proceeds pro se and in forma pauperis, filed this proceeding on February 3, 2025, under 42 U.S.C. § 1983.  He names the following Defendants: Parish of Morehouse, Glen W. Strong, Mike Stone Tubbs, Sergeant Marcus Tillery, Sr., Christopher Thirdkill, Chad Priestley, and Jeffrey Philley.[1]  For reasons that follow, the Court should dismiss Plaintiff's claims.

### Background

Plaintiff claims that on December 12, 2024, Glen W. Strong, a now-retired state judge, dismissed his lawsuit against Morehouse Parish Sheriff's Department.  [doc. #s 1, pp. 3-4; 5, p. 1].  He suggests that in dismissing his lawsuit, Strong discriminated, showed favoritism, and was unfair and unprofessional.  *Id.*  While Plaintiff states that the proceeding Strong dismissed was a "federal case," Plaintiff suggests that it was instead a state court proceeding in Bastrop, Louisiana, involving claims arising under federal law.  [doc. # 1-2, p. 1].

Next, Plaintiff claims that Mike Stone Tubbs has been trying to kill him "for 8 years to cover [his] wrongdoing," namely, dropping Plaintiff out of his wheelchair on October 2, 2019.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

[doc. #s 1, p. 4; 5, p. 1]. Plaintiff also states that on April 14, 2023, Sergeant Marcus Tillery, Sr., dropped Plaintiff on his head when trying to pick him up and force him into a police truck. Plaintiff appears to claim that Tubbs is vicariously liable for Tillery's actions. [doc. # 5, p. 1].

Plaintiff claims that in August 2023, Tubbs used a tow truck to steal Plaintiff's car. [doc. # 1, p. 4]. He claims that on January 14, 2021, Christopher Thirdkill, Chad Priestley, and Jeffrey Philley towed his car and put drugs in it. [doc. # 5, p. 1].

Plaintiff alleges that Tubbs stole his shower chair "and took it to Morehouse Parish Jail" to help meet Plaintiff's "handicap . . . need[.]" [doc. # 1, p. 4]. Plaintiff suggests that the jail should have instead used tax revenue to supply him with a shower chair. *Id.*

For relief, Plaintiff suggests that he wants the Morehouse Parish Sheriff's Department and Mike Stone Tubbs indicted.[2] [doc. # 5, p. 1].

## Law and Analysis

**1. Preliminary Screening**

Because Plaintiff is proceeding in forma pauperis, his Complaint is subject to screening under § 1915(e)(2). Section 1915(e)(2)(B) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual

---

[2] In his initial pleading, Plaintiff only asks for "some help." [doc. # 1, p. 4].

contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). "[U]nadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 677.

"[P]laintiffs must allege facts that support the elements of the cause of action in order to

make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Judicial Immunity**

Plaintiff claims that on December 12, 2024, Glen W. Strong, a now-retired state judge, dismissed his lawsuit against Morehouse Parish Sheriff's Department. [doc. #s 1, pp. 3-4; 5, p. 1]. He suggests that in dismissing his lawsuit, Strong discriminated, showed favoritism, and was unfair and unprofessional. *Id.*

"Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). It "applies even when the judge is accused of acting maliciously and corruptly . . . ." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). It "extends to all judicial acts which are not performed in the clear absence of all jurisdiction." *Kemp ex rel. Kemp v. Perkins*, 324 Fed. App'x. 409, 411 (5th Cir. 2009) (citing *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985)). There are only two exceptions: (1) non-judicial

4

actions, i.e., actions not taken in the judge's judicial capacity; and (2) lawsuits challenging actions taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

"In determining whether an action is judicial, a court looks to the nature of the act itself; that is, whether the challenged act is a function normally performed by a judge." *Id.* Courts consider four factors: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. *Ballard*, 413 F.3d at 515. "These factors are broadly construed in favor of immunity." *Id.* "Immunity may be applied even if one or more of these factors is not met." *Morrison v. Walker*, 704 F. App'x 369, 373 (5th Cir. 2017).

"Immunity is not affected by the alleged magnitude of the judge's errors or the mendacity of his acts." *Stokes v. Ward*, 132 F.3d 1455 (5th Cir. 1997); *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) ("The judge is absolutely immune for all judicial acts not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive.").

Here, managing or presiding over court proceedings[3] and making rulings[4] are acts

---

[3] *See Bradley v. Salvant*, 2020 WL 1896550, at *1 (5th Cir. Apr. 16, 2020); *Broadway v. Sinex*, 166 F.3d 339 (5th Cir. 1998).

[4] *See Broadway*, 166 F.3d at 339 ("Broadway's suit against the state-court judges involves the judges' rulings while presiding over the case which was properly before them, for which the judges are absolutely immune from civil suit."); *McAfee v. 5th Cir. Judges*, 884 F.2d 221, 222 (5th Cir. 1989) ("The federal judges were performing a judicial function by ruling in McAfee's case . . . ."); *Ledet v. 15th Jud. Dist. Ct.*, 15 F.3d 181 (5th Cir. 1994) (finding judges immune where the plaintiff claimed that they "failed to provide him with a 'proper level of judicial review' of a civil action" he filed); *Payne v. Anthony Scott L. Firm, P.L.L.C.*, 2024 WL 95369, at *1 (5th Cir. Jan. 9, 2024), *cert. denied sub nom. Payne v. The Anthony Scott L. Firm, P.L.L.C.*, 145 S. Ct. 385 (2024).

normally performed by a judge. Moreover, Plaintiff does not allege that Judge Strong acted outside of his courtroom or chambers. Likewise, Plaintiff's claims clearly "center around" proceedings before the judge, and nothing indicates that the alleged acts arose outside of a visit to the judge in his official capacity.[5] Nor does Plaintiff allege that the judge acted in the absence of all jurisdiction. *See* LA. CONST. ART. V, § 16 ("[A] district court shall have original jurisdiction of all civil and criminal matters.").

Finally, the judge is immune even if, as Plaintiff alleges, he showed favoritism and was unfair and unprofessional. As above, judicial immunity "applies even when the judge is accused of acting maliciously and corruptly . . . ." *Pierson*, 386 U.S. at 554; *see Stump v. Sparkman*, 435 U.S. 349, 363 (1978) (opining, where a judge's ruling was allegedly unfair and "devoid of judicial concern for the interests and well-being of [a] young girl[,]" that disagreement "with the action taken by the judge . . . does not justify depriving that judge of his immunity.").

Accordingly, Judge Strong is entitled to absolute judicial immunity. The Court should therefore dismiss Plaintiff's claims against Judge Strong.

**3. Separation of Powers**

Plaintiff's sole request for relief is the indictment of Morehouse Parish Sheriff's Department (or the Morehouse Parish Sheriff)[6] and Mike Stone Tubbs. [doc. # 5, p. 1]. He does

---

[5] *See Morrison*, 704 F. App'x at 374 (finding judicial immunity even where the plaintiff failed to offer any allegations relating to three of the four *Ballard* factors); *Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 F. App'x 665, 674 (5th Cir. 2015) ("Avdeef makes no effort to argue that Judge Chupp's actions were 'nonjudicial' in nature or were taken 'in the complete absence of all jurisdiction,' as required to overcome judicial immunity.").

[6] It is unclear whether Plaintiff seeks to indict the entire department or only the sheriff. He writes, "I want the whole Morehouse parish sheriff . . . indictment[.] [sic]." [doc. # 5, p. 1].

not seek any relief against the remaining defendants; at best, he asks for "some help." [doc. # 1, p. 4].

There is no constitutional right to have a person criminally prosecuted. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990).[7] Investigating and prosecuting possible criminal activities lies in the exclusive jurisdiction of the executive branch of government. In the federal context, for example, prosecuting criminal actions lies in the discretion of the Attorney General of the United States and duly authorized United States Attorneys. In Louisiana, prosecuting criminal actions lies in the discretion of the Louisiana Attorney General and the various District Attorneys. *See* LA. CODE. CRIM. PROC. arts. 61 and 62.

Plaintiff should direct his concerns to a local, state, or federal law enforcement agency. He should be aware that if a prosecuting authority investigates and chooses not to file charges, "[t]he decision to file or not file criminal charges . . . will not give rise to section 1983 liability." *Oliver*, 904 F.2d at 281. The courts "allow the government discretion to decide which individuals to prosecute, which offenses to charge, and what measure of punishment to seek." *U.S. v. Lawrence*, 179 F.3d 343, 348 (5th Cir. 1999).

The Court should deny Plaintiff's requested relief.[8] Moreover, because the Court should deny Plaintiff's only request for relief, the Court should also dismiss Plaintiff's remaining claims for failure to state claims on which relief may be granted.

---

[7] *See U.S. v. Batchelder*, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion."); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

[8] The undersigned previously instructed Plaintiff thusly: "clarify the relief he seeks; in other words, state exactly what he wants the Court to do for him[.]" [doc. # 4, p. 2].

**4. Statute of Limitations**

Plaintiff claims that Mike Stone Tubbs has been trying to kill him "for 8 years to cover [his] wrongdoing," namely, dropping Plaintiff out of his wheelchair on October 2, 2019. [doc. #s 1, p. 4; 5, p. 1]. Plaintiff also states that on April 14, 2023, Sergeant Marcus Tillery, Sr., dropped him on his head when trying to pick him up and force him into a police truck. [doc. # 5, p. 1].

Plaintiff claims that in August 2023, Tubbs used a tow truck to steal Plaintiff's car. [doc. # 1, p. 4]. He claims that on January 14, 2021, Christopher Thirdkill, Chad Priestley, and Jeffrey Philley towed his car and put drugs in it. [doc. # 5, p. 1].

Even assuming Plaintiff sought cognizable relief for these claims, they are untimely. District courts are authorized to dismiss claims as frivolous if "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period sua sponte. *See Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999).

The statute of limitations for Section 1983 actions is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1984). Thus, Louisiana's one-year personal injury statute of limitations, under LA. CIV. CODE art 3492, applies here.[9] *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980).

---

[9] "The Louisiana Legislature has recently repealed its one-year prescription on delictual actions, or torts, and substituted it with a two-year prescription." *Sibley v. Touro LCMC Health*, 2024 WL 5118489, at n.5 (5th Cir. Dec. 16, 2024) (citing LA. CIV. CODE art. 3493.1 (2024)). "But that amendment only applies prospectively to actions arising after July 1, 2024." *Id.* Because Plaintiff alleges that the defendants' actions arose before July 1, 2024, the one-year period applies. *See Stanley v. Morgan*, 120 F.4th 467, 470 (5th Cir. 2024), cert. denied, 2025 WL 663720 (U.S. Mar. 3, 2025).

8

However, the date of accrual for a Section 1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516 (quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981)). In other words, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Brockman v. Texas Dep't of Crim. Just.*, 397 F. App'x 18, 22 (5th Cir. 2010).

Here, Plaintiff claims: (i) that Tubbs dropped him out of his wheelchair on October 2, 2019; (ii) that on April 14, 2023, Sergeant Marcus Tillery, Sr., dropped him on his head; (iii) that in August 2023, Tubbs used a tow truck to steal Plaintiff's car; and (iv) that on January 14, 2021, Thirdkill, Priestley, and Philley towed his car and put drugs in it. Plainly, Plaintiff knew that Tubbs and Tillery, Sr., dropped him the day the events occurred. As to Tubbs, Thirdkill, Priestly, and Philley towing, stealing, and placing drugs in his car, there is no indication that Plaintiff lacked knowledge of the events the day they occurred.[10]

Thus, Plaintiff had one year from October 2, 2019, April 14, 2023, August 2023, and January 14, 2021, or until, respectively, October 2, 2020, April 14, 2024, August 2024, and January 14, 2022, to file his claims. As Plaintiff did not file this proceeding until, at the earliest, February 3, 2025, the statute of limitations bars the claims.

---

[10] *See, e.g., Matter of Hoffman*, 955 F.3d 440, 444 (5th Cir. 2020) ("[T]he clock here began to run at the moment Texas officials first seized the Hoffmans' horses."); *Moore v. McDonald*, 30 F.3d 616 (5th Cir. 1994) (holding, where the plaintiff claimed that an officer unreasonably searched his car and confiscated his knife, that the claims accrued the day of search).

The limitations period is subject to state tolling and equitable tolling in certain circumstances. "[E]quitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995) (citing *Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 428 (1965)). The plaintiff bears the burden of establishing that equitable tolling applies. *Rotella v. Pederson*, 144 F.3d 892 (5th Cir. 1998); *see also Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002) ("We have found that equitable tolling may be appropriate when 'the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'") (quoting *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002)). Tolling can apply where "extraordinary circumstance[s] prevent[]" a plaintiff from filing suit. *Richards v. Gonzales*, 2022 WL 3226621, at *1 (5th Cir. Aug. 10, 2022).

Here, Plaintiff does not argue that his claims were tolled. He does not allege, for instance, that any person's affirmative conduct reasonably induced him to forego filing suit within the limitations period.[11]

Accordingly, even assuming *arguendo* that Plaintiff sought cognizable relief for these claims, the undersigned would recommend dismissing the claims as untimely.

**5. Stolen Shower Chair**

Plaintiff alleges that Tubbs stole his shower chair "and took it to Morehouse Parish Jail" to help meet Plaintiff's "handicap . . . need[.]" [doc. # 1, p. 4].

---

[11] If Plaintiff contends that his claims were tolled for any reason, he may present his contention in an objection to this Report and Recommendation.

10

A post-deprivation tort cause of action in state law is, under the *Parratt/Hudson*[12] doctrine, sufficient to satisfy the requirements of due process when a plaintiff alleges that he has been deprived of his property, without due process of law, by the negligent or intentional actions of a state officer that are "random and unauthorized."[13] *Sheppard v. Louisiana Bd. of Parole*, 873 F.2d 761, 763 (5th Cir. 1989) (quoting *Hudson*, 468 U.S. at 533-35). Louisiana law provides an adequate remedy for both intentional and negligent deprivations of property.[14] *Copsey v. Swearingen*, 36 F.3d 1336, 1342-43 (5th Cir. 1994); *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984) (citing Louisiana Civil Code Article 2315 and observing that "Louisiana law affords an opportunity to redress intentional torts under the same section of the Code by which negligence is remedied."); *Fuller v. XTO Energy, Inc.*, 989 So. 2d 298, 302 (La. Ct. App. 2008) (recognizing the tort of conversion).

Plaintiff does not allege that he was deprived of his property by anyone acting under an official policy, custom, or procedure. Thus, the *Parratt-Hudson* doctrine forecloses his claim. Plaintiff should, if he wishes, pursue relief under state law in state court because Louisiana law provides adequate remedies for this alleged conduct.

---

[12] *Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), overruled in part by *Daniels v. Williams*, 474 U.S. 327 (1986).

[13] "The doctrine is meant to protect the state from liability for failing to provide predeprivation process in situations where it cannot anticipate the need for such process (when actions are random and unauthorized)." *Brooks v. George County, Miss.*, 84 F.3d 157, 165 (5th Cir. 1996).

[14] That the state court judge dismissed Plaintiff's lawsuit—even assuming Plaintiff claimed in state court that Tubbs stole his shower chair—does not mean that Louisiana remedies are inadequate. *See Marshall v. Menchaca*, 813 F. App'x 960, 961 (5th Cir. 2020) ("The dismissal of his conversion lawsuit does not show the inadequacy of the remedies . . . .").

Even assuming Plaintiff sought cognizable relief, the undersigned would recommend dismissing this claim under the *Parratt-Hudson* doctrine.

### 6. Morehouse Parish

Plaintiff names Morehouse Parish as a defendant, but he does not set forth any allegations against it. A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662. Here, even assuming Plaintiff sought cognizable relief, the undersigned would recommend dismissing Morehouse Parish as a defendant because Plaintiff fails to state a claim on which relief may be granted.

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Glen Nickolas Akins' claims be **DISMISSED WITH PREJUDICE** for failing to state claims on which relief may be granted and for seeking relief from a defendant immune from such relief.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R.**

**Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 28th day of March, 2025.

Kayla Dye McClusky
United States Magistrate Judge